THE STATE, EX REL. FELLERS, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL.

(No. 82AP-772—Decided May 3, 1983.)

*Gallon, Kalnitz & Iorio Co., L.P.A.,* and *Mr. Michael A. Vanderhorst,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Renny J. Tyson,* for respondent Industrial Commission.

COOK, J. This is an original action in mandamus.

On July 2, 1965, relator, Mary E. Fellers, sustained injury arising out of her employment with Gladieux Corporation, Toledo, Ohio, when she slipped in water on the floor and fell injuring her right forearm and shoulder. She filed a claim with the state of Ohio, Bureau of Workers' Compensation, which was allowed for "injury to right forearm and shoulder." On June 22, 1969, she applied for a permanent partial disability award and, on June 25, 1969, was granted a ten percent permanent partial award, which she elected to receive under R.C. 4123.57(B). Her award was subsequently increased to twenty-five percent upon her application. At the time of the two applications, regarding permanent partial disability benefits, relator was employed.

On June 3, 1974, relator quit her job as a result of the injury. She received temporary total disability benefits until March 24, 1979, at which time she had received the statutory maximum payable. On July 27, 1979, she filed a motion for permanent total disability which was denied.

On January 15, 1981, relator filed a motion seeking a change of election to R.C. 4123.57(A). The change of election was denied by both the district hearing officer and the Toledo Regional Board of Review. On March 15, 1982, the Industrial Commission, respondent, refused further appeal.

Relator filed an original action in mandamus in this court to compel respondent to grant her motion to change her election, alleging respondent abused its discretion in denying the motion.

R.C. 4123.57(A), in pertinent part, provides:

"* * * After hearing and determination, the employee shall file his election to receive compensation for partial disability under either division (A) or (B) of this section, and such election may thereafter be changed upon approval of the district hearing officer for good cause shown."

The issue before this court is whether relator has demonstrated "good cause" which would permit her to change her original election under the provisions of R.C. 4123.57.

"Good cause" is demonstrated when, at the time of making the first election, subsequently occurring circumstances were not foreseeable. If a person suffers what appears to be a minor injury, at the time of the election, but the injury subsequently causes major problems to the relator's health and earning power, such a change of circumstances constitutes "good cause," within the meaning of R.C. 4123.57, for a change of election.

In the instant cause, relator continued working after her original injury of July 2, 1965. She applied for and received a permanent partial disability award, electing to receive her award pursuant to R.C. 4123.57(B). However, as of June 3, 1974, she was forced to quit her employment as a result of the injury. Subsequently, she received temporary total disability benefits until she had received the maximum allowable. She then filed a motion for a change of election alleging a change

in circumstances with accompanying reports from her attending physicians that she was now permanently and totally disabled.

Under such a set of facts, we conclude relator demonstrated the "good cause" required by R.C. 4123.57(A) for a change of election and respondent abused its discretion in denying her motion to do so.

Accordingly, the writ is allowed.

*Writ allowed.*

WHITESIDE, P.J., concurs.

MOYER, J., dissents.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.

MOYER, J., dissenting. I respectfully dissent from the opinion of the majority because I do not believe the Industrial Commission abused its discretion in finding that relator did not show good cause pursuant to R.C. 4123.57(A) for changing her election. I would deny the writ.