**State, ex rel. Chadbourne**
**v.**
**Industrial Commission**
*[Cite as 3 AOA 299]*

*Case No. 89AP-428*
*Franklin County, (9th)*
*Decided May 22, 1990*

*Colasurd & Colasurd, and Mr. Christopher P. Colasurd, for Relator.*

*Mr. Anthony J. Celebrezee, Jr., Attorney General, and Mr. Dennis Hufstader for Industrial Commission of Ohio, Respondent.*

*Buckingham, Doolittle & Burroughs, and Mr. Brett L. Miller, for Roadway Express, Respondent.*

RADCLIFFE, J.

This is an original action in mandamus brought by relator seeking an order from this court directing respondent Industrial Commission of Ohio to vacate an order denying relator's motion to change his election to receive permanent partial disability compensation from that provided under former R.C. 4123.57(B) to that provided by R.C. 4123.57(A). Relator further seeks an order from this court directing the Industrial Commission to issue an order allowing relator to change his election.

Relator, William Chadbourne, was injured on November 16, 1976, during the course of and arising out of his employment with respondent Roadway Express ("Roadway"). That claim was initially allowed for "right knee injury." Relator was again injured on July 22, 1978 during the course of and arising out of his employment with Roadway. That claim was allowed for "strained and twisted back."

Relator subsequently applied for a determination of the percentage of permanent partial disability occasioned by the right knee injury. That claim was ultimately heard in February 1979, at which time the Industrial Commission found relator to have an eight percent permanent partial disability. Relator, at that time, elected to receive his permanent partial disability award pursuant to R.C. 4123.57(B) for which relator received the statutory maximum payment. In May 1984, relator sought recognition for aggravation of a pre-existing arthritis of the right knee. That application was ultimately allowed in August 1984 for "aggravation of pre-existing arthritis of right knee."

Relator next sought permanent and total disability compensation in July 1985 based upon both the injury to his right knee and injury to his back. The Industrial Commission, on January 28,

1986, denied relator's application for permanent and total disability compensation. Relator then sought to increase the percentage of permanent partial disability allowed for his right knee injury. In January 1987, the Industrial Commission issued an order finding that relator's percentage of permanent partial disability had increased seven percent to a total of fifteen percent. Roadway paid the statutory amount pursuant to R.C. 4123.57(B).

Ultimately, on September 23, 1987, relator filed a motion with the Industrial Commission seeking to change his election to receive permanent partial disability compensation benefits with respect to his right knee claim from the provisions of R.C. 4123.57(B) to those of R.C. 4123.57(A). The basis for relator's motion was his contention that:

"* * * [T]here is good cause to change this election from 4123.57 (B) to 4123.57 (A) due to the fact that at the time [relator] was not aware how serious his injuries were and that he would be kept off work for such an extended period of time."

This motion was heard in January 1988 by a district hearing officer of the Industrial Commission who issued an order denying relator's application to change his election for lack of good cause. The district hearing officer based this determination on his finding that relator last worked in 1980 and that relator subsequently, in 1986, filed for and received an additional award pursuant to R.C. 4123.57(B). Relator's appeal to the Canton Regional Board of Review was heard on May 23, 1988. The regional board of review affirmed the order of the district hearing officer in all respects. Relator's further appeal to the Industrial Commission was heard by two commission staff hearing officers who issued an order mailed on October 26, 1988 affirming in all respects the order of the regional board of review. The hearing officers also noted in this order that relator's periods of temporary total disability and surgeries subsequent to 1980, which related solely to his back injury, were not considered in evaluating relator's application to change his election under R.C. 4123.57.

Relator them commenced, on April 10, 1989, this original action in mandamus alleging that the Industrial Commission abused its discretion when it denied his motion to change his election from paragraph (B) to paragraph (A) of R.C. 4123.57. The matter was referred to a referee of this court pursuant to Civ. R. 53(C) and Section 13, Loc. R. 11 of the Tenth District Court of Appeals. The referee rendered a report on October 31, 1989, making certain findings of fact and conclusions of law to which Roadway has filed objections.

The referee has recommended that this court issue a writ of mandamus directing the Industrial Commission to vacate its order denying relator's motion for change of election, directing the Industrial Commission to conduct further proceedings to determine whether relator has demonstrated good cause to support his motion for change of election, and directing the Industrial Commission to enter an order either granting or denying relator's motion for such change of election. More particularly, the referee concluded that the Industrial Commission abused its discretion in denying relator's application to change his election by placing legal significance upon relator's receipt of additional compensation pursuant to paragraph (B) of R.C. 4123.57 subsequent to his initial election. The referee also concluded that the Industrial Commission abused its discretion in denying relator's change of election when it failed to consider evidence of relator's industrial claims regarding the back injury. Finally, the referee rejected Roadway's contentions that a writ of mandamus was unavailable since relator possessed a plain and adequate remedy at law by way of an appeal pursuant to R.C. 4123.519.

In response to the referee's report and recommendations, Roadway has filed several objections to both the findings of fact and conclusions of law made by the referee. First, Roadway contends that the referee's reference, in finding of fact number six, to relator's application for a determination of the percentage of permanent partial disability caused by his back injury was erroneous, since there was no evidence in the stipulated portion of the Industrial Commission's claim file relative to this application. However, even if it is conceded that finding of fact number six is not supported by the stipulated claim file before this court, there is no indication that the referee's recommendation to this court is in any way premised upon this finding of fact. As such, the objection of Roadway to this aspect of the referee's report is overruled.

Roadway also contends that the referee erroneously concluded that the Industrial Commission, in denying relator's change of election, specifically failed to consider evidence of relator's injury claims regarding his back. It is the position of Roadway that the Industrial Commission clearly considered evidence of relator's back

claims, but found that such evidence failed to demonstrate good cause to allow a change of election under R.C. 4123.57. We disagree. The order of the Industrial Commission finally denying relator's motion to change his election states:

"The Hearing Officers note that periods of temporary total disability and surgeries post 1980 were not part of this claim."

Clearly, this language indicates that evidence regarding relator's back injury claim was not considered in ruling upon relator's application to change his election. However, this court notes parenthetically that the language used by the referee was overly broad. For purposes of this case, it is sufficient to state that the Industrial Commission abused its discretion by refusing to consider evidence of relator's temporary total disability regarding his back injury. Such industrial injury is evidence of an unforeseen circumstance and can support a finding of good cause pursuant to R.C. 4123.57.

Finally, Roadway contends that the referee erred in finding that the Industrial Commission abused its discretion in concluding that relator lacked good cause to change his election since he had received an increase in the percentage of his permanent partial disability compensation subsequent to the date he last worked. It is the position of Roadway that the referee's reliance upon this court's decisions in *State, ex. rel. Fellers*, v. *Indus. Comm.* (1983), 9 Ohio App. 3d 247, was erroneous. Rather, Roadway suggests that the crucial distinction between the facts of this case and those in *Fellers* is that the claimant in *Fellers* discovered that she was unable to continue to work only subsequent to both her initial election and the later increase in the percentage of her disability.

This court in *Fellers* concluded that an injury-induced retirement constitutes good cause for purposes of requesting a change of election from paragraph (B) to paragraph (A). An injury-induced retirement, however, is not the sole basis for finding a subsequent unforeseen circumstance which constitutes good cause. Rather, an unforeseen circumstance which can justify a finding of good cause in allowing a change of election includes the subsequent worsening of the allowed condition. It may well be that the worsening of an allowed disability supports a finding that a subsequent retirement is injury induced. See, *e.g., State, ex rel. General Motors Corporation, Inland Division,* v. *Indus. Comm.* (March 20, 1990), Franklin App. No. 88AP-1084, unreported (1990 Opinions 1026,

1028). In this case, the Industrial Commission concluded that because relator applied for an increase in the percentage of his permanent partial disability subsequent to the date he had last worked was evidence that relator lacked good cause to change his election from paragraph (B) to paragraph (A). The mere fact that relator requested an increase in the percentage of his permanent partial disability does not, by itself, indicate a lack of good cause to change one's election under R.C. 4123.57. In fact, because the percentage of disability is increasing suggests an unforeseen circumstance to justify a finding of good cause. Accordingly, the final objection of Roadway is overruled.

Based on the foregoing, this court adopts the report and recommendation of the referee, as modified by this opinion, as that of this court. A writ of mandamus will issue directing the Industrial Commission to vacate its order denying relator's motion to change his election. The Industrial Commission is directed to conduct further proceedings to determine whether there is good cause for granting relator's motion for change of election and to enter an order either granting or denying relator's motion for change of election.

*Writ issued.*

WHITESIDE and McCORMAC, JJ., concur.

RADCLIFFE, J., of the Ross Country Common Pleas Court, sitting by assignment in the Tenth Appellate District.