THE STATE, EX REL. SIMPSON, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State, ex rel. Simpson, v. Indus. Comm.* (1991), 62 Ohio St.3d 162.]

(No. 90–1431—Submitted September 10, 1991—Decided December 4, 1991.)

*Larrimer & Larrimer* and *David H. Swanson,* for appellant.

*Lee I. Fisher,* Attorney General, *Michael L. Squillace* and *Yolanda L. Barnes,* for appellee Industrial Commission.

*Baughman & Associates Co., L.P.A., R. Patrick Baughman, Susan S. Henderson* and *James V. Weixel, Jr.,* for appellee Wheeling–Pittsburgh Steel Corporation.

---

*Per Curiam.* Former R.C. 4123.57 required a successful applicant for partial disability compensation to choose the method of payment—as perma-

nent partial disability compensation under R.C. 4123.57(B) or as impaired earning capacity benefits under R.C. 4123.57(A). Any future partial disability awards were to be paid according to the method first selected. However, for "good cause shown" a claimant may change election. Former R.C. 4123.-57(A). We must decide whether the commission abused its discretion when it found no good cause here. We find that it did not.

"Good cause" is not statutorily defined nor have we previously interpreted it. The parties direct our attention to *State, ex rel. Fellers, v. Indus. Comm.* (1983), 9 Ohio App.3d 247, 248, 9 OBR 421, 422, 459 N.E.2d 605, 606, wherein the Court of Appeals for Franklin County stated that "good cause," as used in R.C. 4123.57(A), "is demonstrated when, at the time of making the first election, subsequently occurring circumstances were not foreseeable."

Fellers hurt her arm and shoulder at work. She sought partial disability compensation and was found to be ten percent partially disabled. Fellers elected to be compensated under R.C. 4123.57(B). She later applied for an increase in partial disability compensation and it, too, was paid under paragraph (B). Fellers continued working throughout.

When Fellers' injury later prevented her from working, she attempted to change her election from R.C. 4123.57(B) to 4123.57(A). The commission found no good cause and denied her motion.

The appellate court found an abuse of discretion and ordered the commission to vacate its order. The court held:

" 'Good cause' is demonstrated when, at the time of making the first election, subsequently occurring circumstances were not foreseeable. If a person suffers what appears to be a minor injury, at the time of election, but the injury subsequently causes major problems to the relator's health and earning power, such a change of circumstances constitutes 'good cause,' within the meaning of R.C. 4123.57, for a change of election." [1] *Id.*

The commission did not abuse its discretion in finding foreseeability and, therefore, lack of good cause in the case at bar. *Fellers* is distinguishable in two important respects—both of which go to the question of foreseeability.

---

1. While *Fellers* enunciates an acceptable definition of "foreseeability," foreseeability can no longer be viewed as the sole element of "good cause." When *Fellers* was decided, claimant's eligibility for impaired earning capacity benefits under former R.C. 4123.57(A) was thought by some to be automatic once a partial disability had been found. Under *State, ex rel. Johnson, v. Indus. Comm.* (1988), 40 Ohio St.3d 384, 533 N.E.2d 775, however, this is no longer true. In *Johnson,* we held that a claimant must prove *actual* impaired earning capacity. As such, "good cause" must now be viewed as dual pronged, demonstrated only by a showing of unforeseeable circumstances *and* actual impaired earning capacity. If either requirement is not met, "good cause" has not been established.

First, when the election was made, Fellers' injury was minor—appellant's was not. By the time appellant made his election, his claim had been additionally allowed for a disc condition—herniated nucleus pulposis L4–5—and appellant had undergone back surgery. Second, unlike Fellers, appellant was already prevented by his injury from working when he elected to receive R.C. 4123.57(B) compensation. Thus, the circumstances that appellant claims justify an election change were not only foreseeable, but were present when the initial election was made.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, WRIGHT, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs in judgment only.