THE STATE, EX REL. COMBS, APPELLANT, *v.* GOODYEAR TIRE & RUBBER COMPANY ET AL., APPELLEES.

[Cite as *State, ex rel. Combs, v. Goodyear Tire & Rubber Co.* (1992), 62 Ohio St.3d 378.]

(No. 90–566—Submitted October 15, 1991—Decided January 8, 1992.)

*Larrimer & Larrimer* and *David Swanson,* for appellant.

*Vorys, Sater, Seymour & Pease, Robert A. Minor* and *Elizabeth T. Smith,* for Goodyear Tire and Rubber Company.

*Lee I. Fisher,* Attorney General, *Michael L. Squillace* and *Yolanda L. Barnes,* for the Industrial Commission.

*Per Curiam.* For the reasons that follow, the decision of the court of appeals is reversed.

Ohio Adm.Code 4121–3–16 provides:

"(A) Form C–86 shall be used to present motions to the Bureau, Board or Commission.

" * * *

"(C) A motion shall fully set forth the question presented together with a succinct statement of the action or relief sought.

"(D) Motions shall be accompanied by substantial competent proof conforming to the standards established in Rule 4121–3–09(B)."

Ohio Adm.Code 4121–3–09(B)(2) provides:

"Proof may be presented by affidavit, deposition, oral testimony, written statement, document, or other forms."

No medical evidence or other proof was submitted with relator's C–86 motion.

While this failure might have warranted dismissal of the motion under Ohio Adm.Code 4121–3–16(D), the DHO did not dismiss the motion, but rather, denied it on the merits, stating that the DHO "fails to find sufficient good cause for granting a change of election." Moreover, relator's shortcoming was cured before the regional board by the filing of Dr. McIvor's report showing a "100%" permanent disability "as a result of this injury."

At the time of relator's injury, R.C. 4123.57(A) provided:

" * * * After hearing and determination, the employee shall file his election to receive compensation for partial disability under either division (A) or (B) of this section, and *such election may thereafter be changed upon approval of the industrial commission for good cause shown.*" (Emphasis added.) Am. Sub. H.B. No. 417 (135 Ohio Laws, Part I, 1690, 1700).

The statute did not define "good cause." The court of appeals felt that its decision in *State, ex rel. Fellers, v. Indus. Comm.* (1983), 9 Ohio App.3d 247, 248, 9 OBR 421, 422, 459 N.E.2d 605, 606, furnished an acceptable definition:

" 'Good cause' is demonstrated when, at the time of making the first election, subsequently occurring circumstances were not foreseeable. If a person suffers what appears to be a minor injury, at the time of the election, but the injury subsequently causes major problems to the relator's health and earning power, such a change of circumstances constitutes 'good cause' within the meaning of R.C. 4123.57, for a change of election."

Relator says he showed good cause because, as a result of the injury, he developed a substantial disability which prevented him from working, and in order to obtain additional compensation a change of election was required. Goodyear, urging the contrary, contends that if relator is prevented from continuing work because of his injury, it is a natural consequence of the development of that injury and this "natural progression" cannot be characterized as an unforeseen subsequently occurring circumstance which causes major problems as to the relator's health and earning power as set forth in *Fellers, supra.*

A review of the facts may resolve the dispute. Relator's injury of November 28, 1973, was allowed for neck and low back injuries. He received a five

percent permanent partial disability award for that disability in 1977 ("a minor injury"). The allowance of the claim was expanded in 1982 to thirty-five percent permanent partial disability upon recognition of additional conditions of fibromyositis of low back and neck and lumbrosacral discogenic disease ("major problems").

We recently discussed, in *State, ex rel. Simpson, v. Indus. Comm.* (1991), 62 Ohio St.3d 162, 580 N.E.2d 779, when to permit a change of election as contemplated by former R.C. 4123.57(A): "upon approval of the industrial commission for good cause shown." Ultimately, the change should be approved only upon "proof of actual impairment of earning capacity." *State, ex rel. Johnson, v. Indus. Comm.* (1988), 40 Ohio St.3d 384, 533 N.E.2d 775, syllabus. See, also, *State, ex rel. Bouchonville, v. Indus. Comm.* (1988), 36 Ohio St.3d 50, 52, 521 N.E.2d 773, 775.

As we stated at fn. 1 in *Simpson, supra,* 62 Ohio St.3d at 164, 580 N.E.2d at 781, a two-pronged test, incorporating elements of *Fellers, supra,* and *Johnson, supra,* will indicate whether "good cause" warranting the change of election has been established. To establish good cause, a claimant must prove (1) unforeseen changed circumstances subsequent to the initial election, and (2) actual impaired earning capacity.

The claimant has met the first criterion. However, the second has not been addressed.

Accordingly, a limited writ will issue directing the commission to determine from a review of its records whether claimant has suffered an actual impaired earning capacity as a result of his injury.

*Judgment reversed
and limited writ granted.*

MOYER, C.J., SWEENEY, H. BROWN and RESNICK, JJ., concur.

DOUGLAS, J., concurs in judgment only.

HOLMES and WRIGHT, JJ., dissent.

HOLMES, J., dissenting. I would affirm the judgment of the court of appeals.

WRIGHT, J., concurs in the foregoing dissenting opinion.