OPINIONS OF THE SUPREME COURT OF OHIO
      The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas
J. Moyer.
      Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative Assistant.
Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your comments on this
pilot project are also welcome.
      NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised to
check the bound volumes of Ohio St.3d published by West Publishing
Company for the final versions of these opinions.  The advance
sheets to Ohio St.3d will also contain the volume and page
numbers where the opinions will be found in the bound volumes of
the Ohio Official Reports.

The State, ex rel. AT&T Technologies, Inc., Appellee and Cross-appellant, v. Industrial Commission of Ohio, Appellant and Cross-Appellee, et al.

[Cite as State, ex rel. AT&T Technologies, Inc., v. Indus. Comm. (1992),    Ohio St. 3d    .]

Workers' compensation -- Partial disability compensation -- "Good cause" for change in election of method of payment not shown, when -- Former R.C. 4123.57, applied.

(No. 90-1805 -- Submitted March 16, 1992 -- Decided June 3, 1992.)

Appeal from the Court of Appeals for Franklin County, No. 88AP-835.

Claimant, Eileen Ackley, injured her lower back in 1961 while in the course of her employment with appellee and cross-appellant, AT&T Technologies, Inc. In 1962, claimant applied for permanent partial disability compensation pursuant to former R.C. 4123.57. Claimant was examined on behalf of appellant and cross-appellee, Industrial Commission, by Dr. F.C. Beattie, who found a thirty to thirty-five percent permanent partial disability. On September 11, 1963, the commission found that claimant was thirty-five percent permanently and partially disabled and ordered compensation to be paid accordingly. Pursuant to former R.C. 4123.57, claimant elected to receive her compensation as permanent partial disability benefits under R.C. 4123.57(B).

In 1987, claimant moved to change her election from R.C. 4123.57(B) benefits to R.C. 4123.57(A) impaired earning capacity compensation. A commission district hearing officer granted the change, writing:

"* * * [T]emporary partial compensation at the rate of 35% is to be awarded from 8/15/75 through maximum payment or further change in circumstances.

"* * *

"Change of election to paragraph A is authorized * * *. Claimant was working at the time of her 4123.57(B) election. Currently, the worsening of her condition has caused her not to be able to continue employment. * * *

"The above order is based on the reports of Drs. Fallon & Beatty [sic]."

The order was administratively affirmed.

AT&T filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in finding the requisite "good cause" for a change in election. The court agreed and issued a writ ordering the commission to vacate its order.

This cause is now before this court upon appeals as of right.

Porter, Wright, Morris & Arthur and Karl J. Sutter, for appellee and cross-appellant AT&T Technologies, Inc.

Lee I. Fisher, Attorney General, Michael L. Squillace and

Gerald H. Waterman, for appellant and cross-appellee Industrial Commission.

Per Curiam. Under former R.C. 4123.57, once a claimant's partial disability was ascertained, the claimant had to choose the method of payment - as permanent partial disability compensation under former R.C. 4123.57(B) or as impaired earning capacity benefits under former R.C. 4123.57(A). Future partial disability compensation was to be paid according to the method selected. However, for "good cause shown," the claimant was able to change his election. Former R.C. 4123.57(A).

The appellate court's decision to vacate the commission's order prompted appeals by both the employer and the commission. The latter defends its order while the employer claims that the court should have gone further and ordered the commission to deny the request to change election. For the reasons to follow, we affirm the judgment below.

"To establish good cause, a claimant must prove (1) unforeseen changed circumstances subsequent to the initial election, and (2) actual impaired earning capacity." State, ex rel. Combs, v. Goodyear Tire & Rubber Co. (1992), 62 Ohio St.3d 378, 381, 582 N.E.2d 990, 992.

The unforeseen changed circumstances alleged by the commission are (1) that claimant's condition has worsened and (2) her deteriorated condition now prevents her from working. The commission's position fails.

Claimant's subsequent physical condition is not a changed circumstance.  In support of its conclusion, the commission relied on Doctors Fallon and Beattie.  Before claimant made her initial election, Dr. Beattie found a thirty to thirty-five percent disability.  In 1980, Dr. Fallon found a thirty percent disability.  Comparison negates the assertion that claimant's condition has changed since her initial election.

The commission also found that claimant was not working, which does represent a change from the time of the initial election.  We do not, however, consider this change to be unforeseeable here, since there is no medical evidence relating claimant's alleged inability to work to her injury.  Contrary to claimant's representation, Dr. Fallon --  the only doctor to have examined claimant during her claimed period of disability whose report was relied on - - states only that claimant says her injury prevents her from working, but Dr. Fallon does not substantiate claimant's contention.  Dr. Fallon noted few objective symptoms, a great deal of complaints, less than maximum effort during physical testing and a "great deal of functional overlay." Nothing in his report suggests that the work-impairing disability alleged by claimant was present.

All workers, at some time, permanently leave the work force. Absent evidence that claimant's industrial injury removed her prematurely from the labor market, we are unconvinced that when claimant initially elected, it was not

foreseeable that almost twenty-four years later, at age sixty-two, she might not be working.

Having made this determination, we find it unnecessary to address AT&T's statute of limitations argument. We also find it unnecessary to go beyond the appellate court's vacation of the commission's order. Accordingly, the judgment of the appellate court is affirmed.

Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.