THE STATE, EX REL. AT & T TECHNOLOGIES, INC., APPELLEE
AND CROSS-APPELLANT, *v.* INDUSTRIAL COMMISSION OF
OHIO, APPELLANT AND CROSS-APPELLEE, ET AL.

[Cite as *State, ex rel. AT & T Technologies, Inc.,
v. Indus. Comm.* (1992), 63 Ohio St.3d 740.]

(No. 90–1805—Submitted March 16, 1992—Decided June 3, 1992.)

*Porter, Wright, Morris & Arthur* and *Karl J. Sutter,* for appellee and cross-appellant AT & T Technologies, Inc.

*Lee I. Fisher,* Attorney General, *Michael L. Squillace* and *Gerald H. Waterman,* for appellant and cross-appellee Industrial Commission.

*Per Curiam.* Under former R.C. 4123.57, once a claimant's partial disability was ascertained, the claimant had to choose the method of payment—as permanent partial disability compensation under former R.C. 4123.57(B) or as impaired earning capacity benefits under former R.C. 4123.57(A). Future partial disability compensation was to be paid according to the method selected. However, for "good cause shown," the claimant was able to change his election. Former R.C. 4123.57(A).

The appellate court's decision to vacate the commission's order prompted appeals by both the employer and the commission. The latter defends its order while the employer claims that the court should have gone further and ordered the commission to deny the request to change election. For the reasons to follow, we affirm the judgment below.

"To establish good cause, a claimant must prove (1) unforeseen changed circumstances subsequent to the initial election, and (2) actual impaired

earning capacity." *State, ex rel. Combs, v. Goodyear Tire & Rubber Co.* (1992), 62 Ohio St.3d 378, 381, 582 N.E.2d 990, 992.

The unforeseen changed circumstances alleged by the commission are (1) that claimant's condition has worsened and (2) her deteriorated condition now prevents her from working. The commission's position fails.

Claimant's subsequent physical condition is not a *changed* circumstance. In support of its conclusion, the commission relied on Doctors Fallon and Beattie. Before claimant made her initial election, Dr. Beattie found a thirty to thirty-five percent disability. In 1980, Dr. Fallon found a thirty percent disability. Comparison negates the assertion that claimant's condition has changed since her initial election.

The commission also found that claimant was not working, which does represent a change from the time of the initial election. We do not, however, consider this change to be unforeseeable. here, since there is no medical evidence relating claimant's alleged inability to work to her injury. Contrary to claimant's representation, Dr. Fallon—the only doctor to have examined claimant during her claimed period of disability whose report was relied on— states only that *claimant* says her injury prevents her from working, but Dr. Fallon does not substantiate claimant's contention. Dr. Fallon noted few objective symptoms, a great deal of complaints, less than maximum effort during physical testing and a "great deal of functional overlay." Nothing in his report suggests that the work-impairing disability alleged by claimant was present.

All workers, at some time, permanently leave the work force. Absent evidence that claimant's industrial injury removed her prematurely from the labor market, we are unconvinced that when claimant initially elected, it was not foreseeable that almost twenty-four years later, at age sixty-two, she might not be working.

Having made this determination, we find it unnecessary to address AT & T's statute of limitations argument. We also find it unnecessary to go beyond the appellate court's vacation of the commission's order. Accordingly, the judgment of the appellate court is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.