OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Justine Michael, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

     The State ex rel. Long, Appellant, v. Mihm, Admr., et al.,
Appellees.
     [Cite as State ex rel. Long v. Mihm (1992),     Ohio
St.3d    .]
Workers' compensation -- Election of compensation under R.C.
     4123.57 -- Unforeseen changed circumstances sufficient to
     justify an election change -- Evidentiary basis of hearing
     officer's decision specified, when.
     (No. 91-1244 -- Submitted July 8, 1992 -- Decided
September 2, 1992.)
     Appeal from the Court of Appeals for Franklin County, No.
90AP-1062.
     Claimant-appellant, David L. Long, was injured in the
course of and arising from his employment with R.B.
Manufacturing Co. in 1977.  His workers' compensation claim was
allowed for "amputation right second finger, laceration right
thumb."  In early 1979, claimant was found to have a
fifteen-percent permanent and partial disability.  Pursuant to
former R.C. 4123.57, he elected to receive his award as R.C.
4123.57(B) permanent partial disability compensation.  In 1987,
his disability increased to twenty-two percent.
     In 1989, claimant sought to change his election from R.C.
4123.57(B) permanent partial disability compensation to
4123.57(A) impaired earning capacity compensation.
Accompanying his motion was the medical report of attending
physician James C. Cameron, indicating that the medical
impairment caused by the allowed conditions had diminished
claimant's earning capacity.  Claimant also submitted his own
affidavit, averring that:
     "* * * At the time he made the initial election he was
unable to foresee the impact this injury would have upon him:
     "(a) He is a laborer with no formal education or
skilled/semi-skilled training;
     "(b) He is right handed;
     "(c) The loss of feeling in his thumb, decreased strength
and pain in his right hand have substantially impacted his
ability to work:
     "(1) He has to work harder now than he did in 1977-1979 in
order to perform the same tasks;

"(d) He must work harder than his co-workers in order to get similar pay raises because he works slower;

"(e) He has been unable to perform certain job tasks and duties which resulted in lost pay and/or lost opportunities for overtime compensation;

"(f) He has been unable to advance or go into other work situations because of his injury;

"(g) He would be able to work longer, more effectively and more efficiently if it were not for this injury[.] * * *"

An Industrial Commission district hearing officer denied claimant's motion, stating:

"The issue of change of elections is moot as District Hearing Officer finds that claimant has not proven an impairment in earning capacity. Claimant has not received any treatment in his claim since 1978. He has been able to continue working in the job he was working at the time of injury. There has been no documented change in circumstances since claimant's original election in 1979 such as an additional allowance. Claimant testified that co-employees with less seniority are getting paid more due to claimant's industrial injury but there has been no factual evidence submitted to support this contention. As such, claimant has not proven good cause to change elections nor an impairment in earning capacity."

The regional board of review affirmed. Industrial Commission staff hearing officers ultimately modified the order to reflect an affirmative denial of an election change, not merely the issue's dismissal as moot.

Claimant filed a complaint in mandamus in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying the change. The appellate court disagreed and denied the writ.

This cause is now before this court upon an appeal as of right.

Ronald J. Koltak, for appellant.

Lee I. Fisher, Attorney General, and Jetta Mencer, for appellees.

Per Curiam. Former R.C. 4123.57 required a successful applicant for partial disability compensation to choose the method of payment - - as permanent partial disability compensation under R.C. 4123.57(B) or as 4123.57(A) impaired earning capacity benefits. All future partial disability awards were to be paid according to the method selected. However, for "good cause shown" a claimant could change his or her election. R.C. 4123.57(A). (136 Ohio Laws, Part I, 1160.)

"To establish good cause, a claimant must prove (1) unforeseen changed circumstances subsequent to the initial election, and (2) actual impaired earning capacity." State ex rel. Combs v. Goodyear Tire & Rubber Co. (1992), 62 Ohio St.3d 378, 381, 582 N.E.2d 990, 992.

"Unforeseen changed circumstances" has two elements, with changed circumstances being a condition precedent to consideration of foreseeability. The term appears to be deliberately flexible in order to accommodate the many possible situations that could merit a change of election. In our

limited encounters with "good cause," we have thus far provided three examples of unforeseen changed circumstances sufficient to justify an election change: (1) significant worsening of claimant's condition (State ex rel. Simpson v. Indus. Comm. [1991], 62 Ohio St.3d 162, 580 N.E.2d 779); (2) unexpected transformation of a nonwork-preventive injury into a work-prohibitive one (id.), and (3) recognition of additional conditions after election (Combs, supra).

None of these elements is present here. Claimant stresses his alleged post-election limitation on promotions and overtime. The commission, however, was unpersuaded by claimant's assertion. This determination was within the commission's prerogative since it "alone shall be responsible for the evaluation of the weight and credibility of the evidence before it." State ex rel. Burley v. Coil Packing, Inc. (1987), 31 Ohio St.3d 18, 20-21, 31 OBR 70, 72, 508 N.E.2d 936, 938. The commission thus did not abuse its discretion in finding that claimant's statement, absent independent verification, lacked credibility.

Procedurally, claimant asserts that the commission violated State ex rel. Mitchell v. Robbins & Myers, Inc. (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721. This claim is unpersuasive. The district hearing officer specifically cited three reasons for her decision: (1) work continuation, (2) lack of treatment, and (3) lack of independent verification of lost pay. This explanation comports with Mitchell.

Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

Moyer, C.J., Sweeney, Holmes, Douglas, Wright, H. Brown and Resnick, JJ., concur.