THE STATE EX REL. LONG, APPELLANT, *v.* MIHM, ADMR., ET AL., APPELLEES.

[Cite as *State ex rel. Long v. Mihm* (1992), 64 Ohio St.3d 527.]

(No. 91–1244—Submitted July 8, 1992—Decided September 2, 1992.)

*Ronald J. Koltak,* for appellant.

*Lee I. Fisher,* Attorney General, and *Jetta Mencer,* for appellees.

---

*Per Curiam.* Former R.C. 4123.57 required a successful applicant for partial disability compensation to choose the method of payment—as perma-

nent partial disability compensation under R.C. 4123.57(B) or as 4123.57(A) impaired earning capacity benefits. All future partial disability awards were to be paid according to the method selected. However, for "good cause shown" a claimant could change his or her election. R.C. 4123.57(A). (136 Ohio Laws, Part I, 1160.)

"To establish good cause, a claimant must prove (1) unforeseen changed circumstances subsequent to the initial election, and (2) actual impaired earning capacity." *State ex rel. Combs v. Goodyear Tire & Rubber Co.* (1992), 62 Ohio St.3d 378, 381, 582 N.E.2d 990, 992.

"Unforeseen changed circumstances" has two elements, with changed circumstances being a condition precedent to consideration of foreseeability. The term appears to be deliberately flexible in order to accommodate the many possible situations that could merit a change of election. In our limited encounters with "good cause," we have thus far provided three examples of unforeseen changed circumstances sufficient to justify an election change: (1) significant worsening of claimant's condition (*State ex rel. Simpson v. Indus. Comm.* [1991], 62 Ohio St.3d 162, 580 N.E.2d 779); (2) unexpected transformation of a nonwork-preventive injury into a work-prohibitive one (*id.*), and (3) recognition of additional conditions after election (*Combs, supra*).

None of these elements is present here. Claimant stresses his alleged post-election limitation on promotions and overtime. The commission, however, was unpersuaded by claimant's assertion. This determination was within the commission's prerogative since it "alone shall be responsible for the evaluation of the weight and credibility of the evidence before it." *State ex rel. Burley v. Coil Packing, Inc.* (1987), 31 Ohio St.3d 18, 20–21, 31 OBR 70, 72, 508 N.E.2d 936, 938. The commission thus did not abuse its discretion in finding that claimant's statement, absent independent verification, lacked credibility.

Procedurally, claimant asserts that the commission violated *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721. This claim is unpersuasive. The district hearing officer specifically cited three reasons for her decision: (1) work continuation, (2) lack of treatment, and (3) lack of independent verification of lost pay. This explanation comports with *Mitchell.*

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.