OPINIONS OF THE SUPREME COURT OF OHIO
        The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
        Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
        NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Doughty v. Wheeling-Pittsburgh Steel
Corporation et al.
[Cite as State ex rel. Doughty v. Wheeling-Pittsburgh Steel
Corp. (1993),      Ohio St.3d      .]
Workers' compensation -- Partial disability compensation --
     Election of compensation under former R.C. 4123.57 --
     "Good cause" for changing original election not shown,
     when.
     (No. 92-2463 -- Submitted September 14, 1993 -- Decided
December 1, 1993.)
     In Mandamus.
     Relator-claimant, Jack C. Doughty, injured his low back in
1981 while in the course of and arising from his employment
with respondent Wheeling-Pittsburgh Steel Corporation.  On May
31, 1985, claimant retired.  A statement subsequently submitted
by claimant alleges that he was "forced to take early
retirement due to [his] lack of physical ability to perform
[his] duties."
     Soon after retiring, claimant sought permanent partial
disability compensation under former R.C. 4123.57.  Following a
hearing before respondent Industrial Commission of Ohio at
which claimant was represented by union personnel, his
percentage of disability was assessed at twenty-one percent.
No reconsideration was sought and claimant was given the
statutory option of selecting the method of compensation
payment - - as an impaired earning capacity award under former
R.C. 4123.57(A) or as permanent partial disability compensation
under R.C. 4123.57(B).  Claimant chose the latter.
     Approximately one year later, claimant sought a
redetermination of his percent of permanent partial disability,
claiming that his disability had worsened.  The commission
increased claimant's disability award to thirty-nine percent.
On advice of his newly retained legal counsel, claimant moved
to change his compensation election to permit payment of his
increased disability award as impaired earning capacity
compensation.  He submitted a handwritten statement attesting
to the impact of his increased disability on his earning
capacity.  A report from Dr. W. Jerry McCloud confirmed that

claimant had lost "all of his lumbar reserve and function" and did have "chronic neurological and radicular changes."

A commission district hearing officer ruled:

"The request by the claimant to change his election to Paragraph A is denied as there are no new or changed circumstances since his election under Paragraph B which was filed 2/3/86.  The decision is based on the fact that the claimant took an early retirement on 6/1/85 when the number of men in his unit was reduced due to the reorganization of the company and he could not keep up the pace or perform certain aspects of his work such as walking on slanted roofs.  Thus, the claimant was fully aware of the impact of the injury on his ability to work at the time of his initial election.  There are therefore no new or changed circumstances to warrant a change to Paragraph A."

This order was administratively affirmed.

This cause is now before this court as an original action in mandamus seeking to compel the commission to change claimant's compensation election.

Larrimer & Larrimer and Craig Aalyson, for relator.

Vorys, Sater, Seymour & Pease, Russell P. Herrold, Jr., and Bradley K. Sinnott, for respondent Wheeling-Pittsburgh Steel Corporation.

Lee I. Fisher, Attorney General, and Robert L. Solomon III, Assistant Attorney General, for respondent Industrial Commission.

Per Curiam.  Under former R.C. 4123.57, in effect at the time of claimant's injury, a claimant could choose the manner in which to receive permanent partial disability compensation -- as impaired earning capacity compensation under R.C. 4123.57(A) or as permanent partial disability compensation under R.C. 4123.57(B).  For "good cause shown," however, a claimant could switch the election.  R.C. 4123.57(A).  "Good cause" requires "(1) unforeseen changed circumstances subsequent to the initial election, and (2) actual impaired earning capacity." State ex rel. Combs v. Goodyear Tire & Rubber Co. (1992), 62 Ohio St.3d 378, 381, 582 N.E.2d 990, 992.

The first element, "unforeseen changed circumstances," is "deliberately flexible in order to accommodate the many possible situations that could merit a change of election." State ex rel. Long v. Mihm (1992), 64 Ohio St.3d 527, 529, 597 N.E.2d 134, 136.  It, too, has two components, "with changed circumstances being a condition precedent to consideration of foreseeability."  Id.  To date, we have identified three examples of "changed circumstances" sufficient to trigger a foreseeability inquiry: (1) recognition of additional conditions after election (Combs); (2) significant worsening of claimant's condition (State ex rel. Simpson v. Indus. Comm. [1991], 62 Ohio St.3d 162, 580 N.E.2d 779); or (3) transformation of a nonwork-preventive injury into a work-prohibitive one (Simpson).

None of these prerequisites has been met in this case. Neither the status of claimant's allowed conditions nor his employment has changed since he made his election.  As to the former, no post-election conditions have been recognized.  As

to the latter, claimant's injury-related inability to perform his former duties predated his election. The district hearing officer specifically found that claimant's pre-election retirement was injury-influenced. Claimant, therefore, knew at that time that his earning capacity was likely impaired, but he chose R.C. 4123.57(B) benefits nonetheless.

We also do not find that claimant's increase in disability from twenty-one to thirty-nine percent, standing alone, demonstrates a "significant worsening" of claimant's condition. Our holding is supported by Simpson, supra, in which a twenty-percent increase in disability, in and of itself, did not justify an election change. To define "significant" in purely numerical terms is untenable because no two claimants, or the circumstances accompanying their change of election requests, are the same. A claimant with an already high percentage of disability may finally be forced from the work force by a small increase in disability. A different claimant, on the other hand, with a low percentage of disability may be virtually unaffected by such an increase. The significance of a disability increase, therefore, must be decided on a case-by-case basis, based on the totality of the attendant circumstances. In this case, absent nothing more than a sheer mathematical increase in percentage of disability, we decline to find that claimant has established that his condition has sufficiently changed so as to warrant further inquiry.

Claimant offers a fourth criterion, asserting that election without the benefit of an attorney constitutes "good cause." Claimant stresses that he had a non-attorney union representative when he made his election, and contends that State ex rel. Nicodemus v. Indus. Comm. (1983), 5 Ohio St.3d 58, 5 OBR 115, 448 N.E.2d 1360, supports his position. Claimant's reliance on Nicodemus, however, is misplaced.

Nicodemus involved an employer's right to belatedly appeal an order received by the employer's actuarial representative, but not by the employer itself. We upheld the employer's appeal rights, finding that the employer's non-attorney actuarial representative did not sufficiently understand the importance of the order so as to impute notice and waiver of appeal to the employer.

Contrary to claimant's representation, however, Nicodemus did not specify that any decision by a claimant made without attorney consultation is voidable. We note that Ohio Adm. Code 4121-2-01(A)(1) requires that any representative, attorney or otherwise, who practices before the commission "shall make himself competent to handle such matters by becoming familiar with the statutes, decisions of the courts, and rules of the bureau and industrial commission relating to workers' compensation." (Emphasis added.) Claimant has failed to demonstrate that his union representative lacked the requisite competency or was otherwise unqualified to represent claimant's interests. We, therefore, decline to find that "good cause" for a change of election has arisen from claimant's representation by a non-attorney.

In conclusion, we find that claimant has failed to establish the "unforeseen changed circumstances" required of a finding of "good cause." Accordingly, the writ of mandamus is

denied.

Writ denied.

Moyer, C.J., A.W. Sweeney, Wright, F.E. Sweeney and Pfeifer, JJ., concur.

Douglas and Resnick, JJ., dissent.