THE STATE EX REL. DELONG, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Delong v. Indus.
Comm.* (1994), 71 Ohio St.3d 358.]

(No. 93–2155—Submitted November 15, 1994—Decided December 23, 1994.)

*Grady & Honerlaw Co., L.P.A.,* and *Michael J. Honerlaw,* for appellant.

*Lee Fisher,* Attorney General, and *Jetta Mencer,* Assistant Attorney General, for appellee Industrial Commission.

*Porter, Wright, Morris & Arthur, Charles J. Kurtz III* and *Karl J. Sutter,* for appellee Kroger Company.

---

*Per Curiam.* Former R.C. 4123.57 permitted claimants to choose the form of partial disability award payment—as permanent partial disability benefits under R.C. 4123.57(B) or as impaired earning capacity compensation under division (A). (136 Ohio Laws, Part I, 1160–1161.) For "good cause shown" claimant could later change that election. (*Id.* at 1160.) R.C. 4123.57(A).

"Good cause" was first defined in *State ex rel. Fellers v. Indus. Comm.* (1983), 9 Ohio App.3d 247, 248, 9 OBR 421, 422, 459 N.E.2d 605, 606:

" 'Good cause' is demonstrated when, at the time of making the first election, subsequently occurring circumstances were not foreseeable. If a person suffers what appears to be a minor injury, at the time of election, but the injury subsequently causes major problems to the relator's health and earning power,

such a change of circumstances constitutes 'good cause,' within the meaning of R.C. 4123.57, for a change of election."

That definition was approved in *State ex rel. Simpson v. Indus. Comm.* (1991), 62 Ohio St.3d 162, 580 N.E.2d 779. *Simpson,* however, added that, along with foreseeability, "good cause" required a showing of actual impaired earning capacity. *Id.* at 164, 580 N.E.2d at 781, fn. 1. See, also, *State ex rel. Combs v. Goodyear Tire & Rubber Co.* (1992), 62 Ohio St.3d 378, 381, 582 N.E.2d 990, 992.

We elaborated on this definition in *State ex rel. Long v. Mihm* (1992), 64 Ohio St.3d 527, 529, 597 N.E.2d 134, 136:

" 'To establish good cause, a claimant must prove (1) unforeseen changed circumstances subsequent to the initial election, and (2) actual impaired earning capacity.' * * *

" 'Unforeseen changed circumstances' has two elements, with changed circumstances being a condition precedent to consideration of foreseeability. The term appears to be deliberately flexible in order to accommodate the many possible situations that could merit a change of election. In our limited encounters with 'good cause,' we have thus far provided three examples of unforeseen changed circumstances sufficient to justify an election change: (1) significant worsening of claimant's condition * * *; (2) unexpected transformation of a nonwork-preventive injury into a work-prohibitive one * * * [;] and (3) recognition of additional conditions after election * * *." (Citations omitted.)

Claimant cites *Long's* first example as justification for an election change. Claimant's position fails. Claimant's permanent partial disability did increase from twelve to forty percent. However, under similar circumstances in *State ex rel. Doughty v. Wheeling–Pittsburgh Steel Corp.* (1993), 67 Ohio St.3d 610, 612, 622 N.E.2d 1081, 1083, we held:

"We also do not find that claimant's increase in disability from twenty-one to thirty-nine percent, standing alone, demonstrates a 'significant worsening' of claimant's condition. Our holding is supported by *Simpson, supra,* in which a twenty-percent increase in disability, in and of itself, did not justify an election change. To define 'significant' in purely numerical terms is untenable because no two claimants, or the circumstances accompanying their change of election requests, are the same. A claimant with an already high percentage of disability may finally be forced from the work force by a small increase in disability. A different claimant, on the other hand, with a low percentage of disability may be virtually unaffected by such an increase. The significance of a disability increase, therefore, must be decided on a case-by-case basis, based on the totality of the attendant circumstances. In this case, absent nothing more than a sheer mathematical increase in percentage of disability, we decline to find that claimant

has established that his condition has sufficiently changed so as to warrant further inquiry."

Dr. Meyer attested to the significant *improvement* in claimant's condition after his 1989 operation. While it may not have returned claimant to his pre-injury state, the degree of post-operative recovery negates claimant's assertion that a significant worsening of his condition has occurred.

Claimant's reliance on *Fellers* and *Combs, supra,* is equally misplaced, as both cases had an added element that distinguishes them from this case. In addition to a substantial post-election disability percentage increase, the claimant in *Combs* was allowed several serious post-election conditions. The disability percentage increase in *Fellers,* on the other hand, was accompanied by a post-election inability to work. In this case, claimant's inability to return to work at Krogers was not injury-induced, which eliminates any "good cause" parallels with *Fellers.*

Claimant puts considerable stock on his return to light work following surgery. Claimant, however, was performing light duty work not only before his surgery, but performed it at one time before his initial election as well. There is thus no work-related change that would substantiate claimant's allegation of "good cause." Having disposed of this issue, we need not consider the companion question of claimant's actual impaired earning capacity.

Claimant also argues that the district hearing officer's order does not comply with *State ex rel. Mitchell v. Robbins & Myers, Inc.* (1983), 6 Ohio St.3d 481, 6 OBR 531, 453 N.E.2d 721. This is incorrect. The order identifies Dr. Meyer's report as the evidence relied on establishing a lack of good cause. Since claimant alleged only one basis for good cause due to unforeseen changed circumstances—significant worsening of his condition—and since Dr. Meyer's report clearly indicates otherwise, the commission's evidentiary explanation is adequate.

The appellate judgment is hereby affirmed.

*Judgment affirmed.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.