[This opinion has been published in *Ohio Official Reports* at 75 Ohio St.3d 74.]

THE STATE EX REL. BEARDEN, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Bearden v. Indus. Comm.*, 1996-Ohio-147.]

*Workers' compensation—Permanent partial disability compensation--Election of compensation under former R.C. 4123.57—"Good cause" for changing original election not shown, when—Circumstances were foreseeable when initial election was made.*

(No. 94-1265—Submitted January 9, 1996—Decided March 4, 1996.)

APPEAL from the Court of Appeals for Franklin County, No. 93APD07-943.

————————————

{¶ 1} Appellant-claimant, Ronald Bearden, sustained an industrial injury on June 4, 1985 while working for appellee DeVilbiss Company, a self-insured employer. Appellant's claim was allowed for an acute lumbar muscle strain. In March 1986, appellant underwent surgery for a herniated disc. He returned to work in August 1987.

{¶ 2} In May 1988, appellant moved appellee Industrial Commission of Ohio for permanent partial disability compensation pursuant to former R.C. 4123.57 and was awarded fifteen percent permanent partial disability. In October 1988, appellant elected to receive permanent partial disability compensation in a lump-sum award under former R.C. 4123.57(B).

{¶ 3} Appellant continued working for DeVilbiss until the plant closed in 1989. Some time after his layoff, appellant returned to school for electrical engineering training.

{¶ 4} In March 1990, appellant filed a motion to amend his claim and to receive temporary total disability compensation. In August 1990, appellant filed a motion to change his election from former R.C. 4123.57(B) to 4123.57(A). After

a hearing on the motions, the district hearing officer granted an additional allowance for "herniated lumbar disc at L4-5 with residual chronic myofascial pain syndrome" and "aggravation of degenerative changes in lumbar spine." The hearing officer also awarded temporary total disability compensation from July 16, 1989 through August 26, 1990, and granted appellant's change of election.

{¶ 5} Upon appeal, the regional board of review affirmed. The commission modified the board's order and denied appellant's request for change of election. The commission found the alleged change in circumstances was foreseeable.

{¶ 6} Appellant then filed a mandamus action in the Court of Appeals for Franklin County, alleging that the commission abused its discretion in denying his request for a change in election. The court of appeals, finding no abuse of discretion, denied the writ.

{¶ 7} The cause is before this court upon an appeal as of right.

_____

*Dorothy B. McCrory & Associates, Christopher S. Clark* and *Suzanne B. Norton*, for appellant.

*Betty D. Montgomery,* Attorney General, and *Yolanda L. Barnes*, Assistant Attorney General, for appellee Industrial Commission.

*Overly, Spiker, Chappano & Wood, Douglas E. Spiker* and *Lee M. Wood*, for appellee DeVilbiss Co.

_____

**FRANCIS E. SWEENEY, SR., J.**

{¶ 8} Former R.C. 4123.57 required a successful applicant for partial disability compensation to select the method of payment—as impaired earning capacity benefits under R.C. 4123.57(A) or as permanent partial disability compensation under R.C. 4123.57(B). However, for "good cause shown," a claimant could change his election. R.C. 4123.57(A). In this case, we are asked to determine whether the commission abused its discretion in finding that appellant's

requested election change was not supported by "good cause." For the following reasons, we find the commission did not abuse its discretion in finding a lack of good cause.

**{¶ 9}** "To establish good cause, a claimant must prove (1) unforeseen changed circumstances subsequent to the initial election, and (2) actual impaired earning capacity." *State ex rel. Combs v. Goodyear Tire & Rubber Co.* (1992), 62 Ohio St.3d 378, 381, 582 N.E.2d 990, 992.

**{¶ 10}** The first element, "unforeseen changed circumstances," is "deliberately flexible in order to accommodate the many possible situations that could merit a change of election." *State ex rel. Long v. Mihm* (1992), 64 Ohio St.3d 527, 529, 597 N.E.2d 134, 136. This court has identified three examples of "changed circumstances" sufficient to trigger a foreseeability inquiry: (1) recognition of additional conditions after election, (2) significant worsening of claimant's condition, or (3) unexpected transformation of a nonwork-preventive injury into a work-prohibitive one. *Id.*; see *Combs; State ex rel. Simpson v. Indus. Comm.* (1991), 62 Ohio St.3d 162, 580 N.E.2d 779.

**{¶ 11}** None of these prerequisites has been met in this case. Over two years before appellant's election, the self-insured employer had authorized surgery for appellant's herniated disc. Thus, technically, the condition was allowed at that time. See *State ex rel. Baker Material Handling Corp. v. Indus. Comm.* (1994), 69 Ohio St.3d 202, 631 N.E.2d 138. The commission's recognition of that condition in 1990 was merely a formality, negating any claim that the additional allowance for herniated lumbar strain was not foreseeable.

**{¶ 12}** Additionally, the commission recognized appellant's degenerative condition. However, the commission found that x-rays taken before the election already showed degenerative changes, and, therefore, the additional allowance for this condition was not unforeseeable.

**{¶ 13}** Appellant also alleges an "unforeseeable significant worsening" of his condition after his election. The severity of his pre-election injury, however, raises doubt as to whether any subsequent worsening was sufficiently "significant" and whether those changes were unanticipated.

**{¶ 14}** *Long*'s "significant worsening" criterion generally contemplates a minor pre-election injury that dramatically worsens. Where the injury is already serious at the time of election, the chance of complete recovery diminishes. Therefore, the possibility of further degeneration and deterioration is very real. By the time appellant made an election, it seems his self-insured employer had already recognized his disc condition, and surgery had already been performed. Thus, appellant's allegation of unforeseeability is unpersuasive.

**{¶ 15}** It is also questionable whether appellant's condition was significantly more severe after election than it was before the election. Again, his condition was already quite severe before his election. Moreover, comparing his doctor's post-election report with the pre-election reports of two other doctors, there are few differences in appellant's symptoms and complaints.

**{¶ 16}** We also reject appellant's argument that his post-election period of temporary total disability conclusively demonstrates a significant worsening of his condition. In September 1988, appellant told one examining doctor that he was having difficulty working. Appellant described July 1987 to September 1988 as a "rough year," but he "ha[d] to work," and stated that his co-workers sometimes covered for him at work because of the difficulties encountered by his injury. These remarks suggest that appellant was hovering near temporary total disability before the election but, for financial reasons, was forced to continue to work. These statements also negate appellant's argument that his later temporary total disability was unforeseeable. Given the problems appellant was having in performing his job before the election, it is not surprising that at some later time he would be unable

to work. Therefore, the later temporary total disability was not evidence of unforeseeable significant worsening of his condition.

{¶ 17} The evidence before the commission was sufficient to enable the commission to conclude that appellant did not establish "good cause" for entitlement to a change of election. Thus, we cannot conclude that the commission abused its discretion when it denied appellant's request for a change of election. In the absence of a finding of abuse of discretion, we determine the court of appeals correctly denied appellant's writ of mandamus. We affirm.

*Judgment affirmed.*

MOYER, C.J., WRIGHT and COOK, JJ., concur.

DOUGLAS, RESNICK and PFEIFER, JJ., dissent.

_____