THE STATE EX REL. HAWKINS, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

[Cite as *State ex rel. Hawkins v. Indus. Comm.,*
100 Ohio St.3d 21, 2003-Ohio-4765.]

(No. 2002–1544—Submitted July 8, 2003—Decided September 24, 2003.)

**Per Curiam.**

{¶ 1} In 1973, appellant-claimant, Doris J. Hawkins, strained her back at work. She returned soon thereafter and continued to work without incident. In 1976, appellee, Industrial Commission of Ohio, found claimant to have a 20 percent permanent partial disability ("PPD"). PPD was increased to 30 percent three years later. Claimant received PPD compensation as a lump sum pursuant to former R.C. 4123.57(B).

{¶ 2} In 1992, claimant had back surgery that prevented her return to her former position of employment as a press operator. In 1994, the two conditions that precipitated the operation were additionally allowed in her claim—spondylolisthesis L5–S1 and L5 radiculopathy.

{¶ 3} Claimant never worked again, nor did she ever look for or evince an interest in other work. Both medical and vocational evidence found her capable of part-time sedentary work.

{¶ 4} In 1999, at age 65, claimant began receiving Social Security retirement benefits. In 2000, she asked to change the method of PPD payment from a straight PPD award under former R.C. 4123.57(B) to weekly impaired earning capacity ("IEC") benefits under former R.C. 4123.57(A). Am.Sub.H.B. No. 417, 135 Ohio Laws, Part I, 1690, 1700.

{¶ 5} The commission denied that request for lack of good cause. While the additional allowance of conditions subsequent to a payment election satisfied the

first requirement of good cause, the commission found no evidence of the second—*actual* impaired earning capacity. It based the latter finding on claimant's failure to prove a desire to earn, citing (1) claimant's admission that she had not sought work since her surgery and departure from her former position of employment and (2) her receipt of Social Security retirement benefits.

{¶ 6} Claimant sought a writ of mandamus in the Court of Appeals for Franklin County, alleging that the commission had abused its discretion in denying her change-of-payment request. The court of appeals denied the writ, prompting claimant's appeal here as of right.

{¶ 7} "Good cause" is " 'demonstrated when, at the time of making the first election, subsequently occurring circumstances were not foreseeable. If a person suffers what appears to be a minor injury, at the time of election, but the injury subsequently causes major problems to the relator's health and earning power, such a change of circumstances constitutes "good cause" within the meaning of R.C. 4123.57, for a change of election.' " *State ex rel. Combs v. Goodyear Tire & Rubber Co.* (1992), 62 Ohio St.3d 378, 380, 582 N.E.2d 990, quoting *State ex rel. Fellers v. Indus. Comm.* (1983), 9 Ohio App.3d 247, 9 OBR 421, 459 N.E.2d 605.

{¶ 8} The additional allowance of two new back conditions after claimant's initial payment election satisfies this criterion.

{¶ 9} "Good cause," however, also incorporates the presence of actual impaired earning capacity. Id. at 381, 582 N.E.2d 990. It is long settled that actual IEC cannot be established absent a postinjury desire to work:

{¶ 10} "R.C. 4123.57(A) requires a comparison of a claimant's pre- and post-injury earning capacity. Consideration of post-injury earning capacity assumes, at a minimum, a desire to earn during the period in which an impairment has been alleged. Receipt of compensation for impaired earning capacity when that desire is absent is inconsistent with [the] requirement that a claimant prove *actual* impaired earning capacity." (Emphasis sic.) *State ex rel. CPC Group, Gen. Motors Corp. v. Indus. Comm.* (1990), 53 Ohio St.3d 209, 211–212, 559 N.E.2d 1330; see, also, *State ex rel. Pauley v. Indus. Comm.* (1990), 53 Ohio St.3d 263, 559 N.E.2d 1333; *State ex rel. McEndree v. Consolidation Coal Co.* (1994), 68 Ohio St.3d 325, 626 N.E.2d 674; *State ex rel. Mathess v. Wheeling–Pittsburgh Steel Corp.* (1994), 68 Ohio St.3d 205, 625 N.E.2d 604.

{¶ 11} Claimant does not dispute that she can work. She does not dispute that she has not sought other work since surgery forced her from her former position of employment, and she does not dispute her lack of interest in other employment if it were offered. In short, she does not contest the commission's finding that she has no desire to earn. What claimant does assert is the lack of a "logical relationship * * * between a subjective *desire* to earn and a medical-vocational

*capacity* to earn" that demands that all contrary decisions be overruled. (Emphasis sic.)

{¶ 12} Claimant's position fails because it tries to substitute a purported "logical" relationship for a causal one. The capacity to earn inherently assumes the potential for employment. There is no potential for employment—and commensurately no capacity to earn—when a claimant is no longer actively seeking employment. Consequently, the causal relationship between injury and impaired earning capacity is severed when a claimant—irrespective of medical condition—simply refuses to work.

{¶ 13} Accordingly, the judgment of the court of appeals is affirmed.

Judgment affirmed.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

————————

Gallon & Takacs Co., L.P.A., and Theodore A. Bowman, for appellant.

Jim Petro, Attorney General, and Dennis H. Behm, Assistant Attorney General, for appellee.